114

In re Petition for Reinstatement of Coogan.

[Cite as Reinstatement of Coogan (1973), 35 Ohio St. 2d 114.]

(D. D. No. 79—Decided July 3, 1973.)

*Mr. Otto F. Putnick*, for petitioner.

*Per Curiam.* Applicant was indefinitely suspended from the practice of law on March 4, 1970 (21 Ohio St. 2d 147). He filed a petition for reinstatement to the practice of law on October 18, 1972. A hearing on the petition was subsequently conducted by a panel of three members of the Board of Commissioners pursuant to the provisions of Rule V(20) of the Rules for the Government of the Bar of Ohio. The panel submitted its findings of fact and recommendation to the board, which findings and recommendation were thereupon reviewed and adopted by the board. The board recommends that petitioner's application for reinstatement be granted.

The record indicates that petitioner has, since January 1970, completely withdrawn from the use of alcohol. He became interested in the Council on Alcoholism in Cincinnati and was a member of its Board of Trustees. Petitioner is presently employed at the University of Cincinnati where he teaches business law. During the course of this employment he has developed a teaching manual which has been adopted by another university. He testified that he intends to continue teaching at the university.

In addition to his own testimony, petitioner presented a number of witnesses, including attorneys, fellow employees and the psychiatrist who had treated him in 1969

and had again examined him in December 1972. The testimony of the psychiatrist indicated that petitioner was rehabilitated primarily because of his own efforts and had overcome the neurosis which had been a substantial contributing factor to his alcoholism.

During the course of the hearing conducted by the panel of the board, representatives of the Cincinnati Bar Association were present. Subsequent to the filing of the report and recommendation of the board, the Cincinnati Bar Association notified the court that it did not wish to file any objections to that report and recommendation.

The evidence in this case indicates that petitioner has rehabilitated himself and that he now possesses all the mental, educational and moral qualifications required of a person seeking admission to the bar of this state. We conclude that the findings of the Board of Commissioners on Grievances and Discipline are fully supported by the evidence, and that the petition for reinstatement should be granted. The recommendation of the board that petitioner be reinstated to the practice of law in Ohio without being required to take a bar examination is confirmed.

*Report confirmed and judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.